# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEI LY, | Civil Action No. 2: 13-cv-01102 |
| Plaintiff, | |
| v. | United States District Magistrate<br>Cynthia Reed Eddy |
| AMY VARNER, SHAWN NOSE, JANE HEIDE, and LEO GLASS, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently pending is the Motion for Judgment on the Pleadings filed by Defendants Amy Varner, Shawn Nose, Jane Heide, and Leo Glass, with brief in support (ECF Nos. 21 and 22) and Plaintiff's Opposition Response, with brief in support (ECF Nos. 26 and 27). For the reasons that follow, the Motion will be granted in part and denied in part.[1]

### Factual Background[2]

Plaintiff, Wei Ly, is a prisoner currently incarcerated at SCI-Somerset. On August 15, 2013, Plaintiff filed a Complaint, which remains the operative complaint. (ECF No. 6). Named as defendants are Unit Manager Amy Varner, Captain Shawn Nose, Warden Jane Heide, and Deputy Leo Glass. All Defendants are sued in both their individual and official capacities.

Plaintiff's claims are based upon events which occurred while he was confined at SCI-Greensburg, his former place of confinement. According to the allegations of the Complaint, on

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 9, 14, and 16.

[2] As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

May 8, 2012, Plaintiff was "sexually assaulted in the shower of JB mod" by his cell mate and the assault occurred after he had advised his Unit Manager, Defendant Varner, that "he had a problem with an inmate." Complaint at ¶¶ 9-12. Plaintiff alleges that after the incident, Defendant Varner "stated this was [Plaintiff's] fault and made bad comments" and that Defendant Nose coerced Plaintiff into withdrawing his grievance regarding the assault. *Id*. at ¶¶ 17-31. Plaintiff also asserts that Defendants Heide and Glass were "in charge of the prison and [had] to provide safety to inmates." Id. at § IV, ¶ C. He seeks compensatory and punitive damages.

Defendants have filed the instant Motion for Judgment on the Pleadings in which they seek to have judgment entered in their favor pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff filed a response in opposition which contains additional factual assertions and to which he has attached numerous pages of exhibits (ECF Nos. 26 and 27).[3] Because Plaintiff is a prisoner appearing pro se, the Court will consider the factual allegations contained in his response. *See Baker v. Younkin*, 529 F. App'x 114 (3d Cir. 2013) (citing *Lewis v. Att'y Gen. of U.S.*, 878 F.2d 714, 722 (3d Cir. 1989)). The matter has been fully briefed and is ripe for disposition.

**B.     Standard of Review**

  *1.     Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If

---

[3] The use of these exhibits by the Court does not convert the motion for judgment on the pleadings into a motion for summary judgment. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (A . . . certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2. *Motion for Judgment on the Pleadings Pursuant to Rule 12(c)*

"A motion for judgment on the pleadings is not granted 'unless the movant clearly

establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.' *Jablonski v. Pan American World Airways,* 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Society Hill Civil Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980))." *Pellegrino Food Products Co., Inc. v. City of Warren*, 136 F. Supp.2d 391, 399 (W.D.Pa. 2000). A rule 12(c) motion is judged under the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991). The only difference is that on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the answer and written instructions attached to the pleadings. 2 James Wm. Moore, et al., Moore's Federal Practice - Civil ¶ 12.38 (2010). As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Reserve Bank of N.Y.*, 3 59 F.3d 251, 256 n. 5 (3d Cir. 2004); *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550

U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d

217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

**Discussion**

A.  Claims Brought Against Defendants in Their Official Capacities

At all times relevant to this lawsuit, Defendants were all employees or officials employed by the DOC. Therefore, to the extent that Plaintiff has named Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See, e.g., Braun v. State Correctional Institution at Somerset*, 2010 WL 10398, *5-6 (W.D. Pa. 2010)("a section 1983 action against a state official in his official capacity is not a suit against the person but it is a suit against itself and as such, the action is barred by the Eleventh Amendment.").[4]

Thus, all official capacity claims against Defendants will be dismissed.

B.  Claims Against Defendants Heide, Glass, and Varner

To prevail on a failure to protect claim, Plaintiff must point to evidence in the record that Defendants both knew of and were deliberately indifferent to an excessive risk to his safety. *Blackstone v. Thompson*, -- F. App'x --, 2014 WL 2581153 at *2 (3d Cir. June 10, 2014) (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Court of Appeals for the Third Circuit has instructed then when making a determination as to deliberate indifference, the court must

---

[4] There has been a limited exception read into the Eleventh Amendment for actions seeking prospective injunctive relief under *Ex parte Young,* 209 U.S. 123 (1908). *See Wolfe v. Pennsylvania Department of Corrections*, 334 F. Supp.2d 762, 776 (E.D.Pa. 2004). This exception does not apply in this case, as Plaintiff is not seeking prospective injunctive relief.

6

focus [on] what a defendant's mental attitude actually was (or is), rather than what is should have been (or should be)." *Hamilton v. Leavy*, 117 F.3d 742, 747 (3d Cir. 1997) (internal citation and quotation marks omitted). Deliberate indifference is "a state of mind more blameworthy than negligence." *Farmer,* 511 U.S. at 835. Even if Defendant [ ] "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," liability will not attach. *Id*. at 844.

*Id.*

Both Defendants Heide and Glass were supervisory DOC officials at SCI-Greensburg. Defendants Heide and Glass argue that they are entitled to judgment because Plaintiff fails to state a claim under § 1983 as he failed to allege their personal involvement in the purported violations of his rights.

A supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of, and acquiesced in, his subordinates' violations. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004). In order to sufficiently allege that a defendant knew and acquiesced in his subordinate's unconstitutional conduct, a plaintiff must plead the defendant's (1) contemporaneous knowledge of the offending incident or knowledge of similar incidents in the past, and (2) actions or inactions which communicated approval of the subordinate's behavior. *See C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 202 (3d Cir. 2000). Additionally, allegations that a supervisor "tolerated past or ongoing misbehavior" may suffice to establish his or her personal involvement. *Baker v. Monroe Township*, 50 F.3d 1186, 1191 n. 3 (3d Cir. 2004). Accordingly, where the supervisory defendant is found to have knowledge of ongoing constitutional issues or problems, and the supervisory defendant has the authority or means to address the matters, failing to take appropriate action can be a basis for supervisory liability. *See Zion v. Nassau*, 727 F.Supp.2d 388 (W.D.Pa. 2010); *Barber v. Pennsylvania State*

7

*Police,* Civ. A. No. 06–1713, 2007 WL 2071896 (W.D.Pa. Jul.19, 2007).

Through the allegations of the Complaint, Plaintiff states that "On May 2, 2012, plaintiff submitted a request to move out of bed 45 JB to Bed 42 JA." (ECF No. 6 at 6, ¶ 9.) In support of this allegation, Plaintiff has attached to his memorandum in opposition, two "Inmate's Request to Staff Member" forms. (ECF No. 27-1). One request is addressed to "Warden (Ms. Heide)" and the other to "Deputy Warden (Mr. Glass)," both are dated May 2, 2012, six (6) days prior to the assault, and both state as follows:

> I have a problem with inmate (Mr. Abrams). I am living with him I am being pressured in his homosexual ways. I need to move as soon as possible I like to switch from 45 JB to 42 JA. Thank you.

(ECF No. 27-1 at 2-3).

While a close case, the Court finds that, in light of Plaintiff's pro se status and, giving him the benefit of all reasonable inferences, the Complaint adequately alleges that Defendants Heide and Glass had been advised and were made aware of the problems Plaintiff was having with his cell mate and failed to take appropriate action.

Defendant Varner was the Unit Manager, who according to the Complaint "denied to move plaintiff which resulted in attack." (ECF No. 6 at 3.) Defendant Varner argues that she is entitled to judgment because Plaintiff did not provide her with any specific information regarding his request to move. In his Complaint, Plaintiff alleges that he submitted a request to move cells on May 2, 2012; that he spoke with Defendant Varner the next day about his request, and that on May 7, 2012, Defendant Varner informed Plaintiff she was denying his request. (ECF No. 6, at ¶¶ 9-11.) According to Defendants, prior to the assault, Plaintiff had not advised anyone of his specific issues with his cellmate. However, Plaintiff has attached to his memorandum in opposition an "Inmate's Request to Staff Member" dated May 2, 2012, and

8

addressed to Ms. Varner, which states as follows:

> Say that I have a problem with inmate (Mr. Abrams) I am living with him. I am being pressured in his homosexual ways. I like to switch from 45 JB to 42 JA. Thank you.

(ECF No. 27-2 at 2.)

As with the claims against Defendants Heide and Glass, the Court finds that, in light of Plaintiff's pro se status and, giving him the benefit of all reasonable inferences, the Complaint adequately alleges that Defendant Varner had been advised and was aware of the problems Plaintiff was having with his cell mate and failed to take appropriate action.

The Court recognizes that discovery may well reveal that the alleged conduct of Defendants Heide, Glass, and Varner does not give rise to a failure to protect claim, but at this early stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. Accordingly, the requests of Defendants Heide, Glass, and Varner for judgment will be denied.

C.  <u>Claims Against Defendant Nose</u>

According to the Complaint, Defendant Nose used his authority to force Plaintiff to withdraw his grievance regarding the sexual assault and told Plaintiff that he "could not leave the room unless I stated that I ask Ms. Varner, to move and did not specifically tell her why." Complaint at ¶18. Plaintiff asserts that Defendant Nose's conduct "violated his Amendment rights to be free from cruel and unusual punishment." (ECF No. 6 at 10.)

It is well-established that inmates do not have a constitutionally protected right to a prison grievance system. *Freeman v. Dep't of Corr.*, 447 F. App'x 385, 387 (3d Cir. 2011). Thus, Plaintiff's claim that Defendant Nose coerced him into withdrawing his grievance, fails to state a claim under §1983, as these allegations do not implicate either Plaintiff's "rights to be

9

free from cruel and unusual punishment" or his due process rights. *See Allen v. Warden of Dauphin Cnty. Jail,* No. 07–1720, 2008 WL 4452662, at *5 (M.D.Pa. Sept. 29, 2008) (holding a prison official's refusal to provide grievance forms or respond to an inmate's complaint does not constitute a violation of due process).

The Court agrees with Defendants that, even assuming this allegation to be true and, viewing all inferences in favor of Plaintiff, this allegation still does not create an actionable claim against Defendant Nose, but rather presents a set of facts which may create a genuine issue of material fact as to whether the exhaustion requirement is excused because prison officials interfered sufficiently with Plaintiff's access to the grievance process system. The Court notes, however, that Defendants are not asserting a failure to exhaust as an affirmative defense in the present motion.

Accordingly, judgment will be entered in favor of Defendant Nose.

## Conclusion

For all the foregoing reasons, the Motion for Judgment on the Pleadings will be granted in part and denied in part.

**AND NOW**, this 30th day of June, 2014,

It is hereby **ORDERED** that Defendants' Motion for Judgment on the Pleading is **GRANTED IN PART AND DENIED IN PART,** as follows:

1. The Motion is **GRANTED** as to Plaintiff's claims against all Defendants in their official capacities;

2. The Motion is **DENIED** as to Plaintiff's failure to protect claims against Defendants Varner, Heide, and Glass in their individual capacities; and

3. The Motion is **GRANTED** as to Plaintiff's claims against Defendant Nose and judgment is hereby entered in favor of Defendant Nose.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: WEI LY
JL-4217
1600 Walters Mill Road
Somerset, PA 15510

Scott A. Bradley
Office of the Attorney General
Email: sbradley@attorneygeneral.gov