# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WEI LY, | ) | |
|---|---|---|
| | ) | Civil Action No. 2: 13-cv-01102 |
| Plaintiff, | ) | |
| | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| AMY VARNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending is Plaintiff's Motion for Reconsideration and Defendants' response in opposition. For the reasons that follow, the motion will be denied.

### Background

On June 30, 2014, the Court entered a Memorandum Opinion and Order which granted in part and denied in Defendants' Motion for Judgment on the Pleadings (ECF No. 28). Specifically, the motion was granted as to Plaintiff's claims against all Defendants in their official capacities and as to Plaintiff's claims against Defendant Nose. The motion was denied as to Plaintiff's failure to protect claims against Defendants Varner, Heide, and Glass in their individual capacities. Thereafter, on July 18, 2014, Plaintiff filed a document entitled "Plaintiff's Objections to the District Magistrate's Report and Recommendation." (ECF No. 31.) The Court entered a Text Order on July 21, 2014, which notified the parties that it was construing Plaintiff's objections as a motion for reconsideration. Defendants have filed a timely response. (ECF No. 32.)

**Standard of Review**

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli,* 337 F.3d 282, 28 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce v. Assoc. Inc. v. Nemours Found.,* 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli,* 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided.

**Discussion**

Because Plaintiff is arguing that the Court erred in dismissing the individual claims against Defendant Nose, the Court will treat the motion as filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009). Plaintiff seeks reconsideration of an order dismissing individual capacity claims against Defendant Nose. Plaintiff had alleged in his complaint that, after he had been the victim of an alleged sexual assault by another inmate, Defendant Nose acted improperly with regard to plaintiff's efforts to file grievances regarding the sexual assault. Defendants argued that even if the allegation that Defendant Nose coerced the withdrawal of plaintiff's initial grievance regarding the alleged sexual assault is accepted as true, at best, Plaintiff would only be able to assert that Defendant Nose interfered with his ability to exhaust available administrative remedies.

The Court agreed with Defendants and found that Plaintiff's allegation did not create an actionable claim against Defendant Nose, but rather presented a set of facts which may create a genuine issue of material fact as to whether the exhaustion requirement should be excused. Plaintiff now argues that he should be able to maintain his claims against Defendant Nose because of various provisions in the DOC's policies regarding access to the inmate grievance system and because of the prohibition against retaliation against inmates who utilize the inmate grievance system to lodge complaints about the conditions of their confinement.

To the extent, Plaintiff continues to advance the same arguments that he made in response to the Motion for Judgment on the Pleadings, said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d

1220, 1231 (3d Cir. 1995). Fatal to the pending motion, nothing new has been supplemented to the record by the Motion for Reconsideration.

To the extent that Plaintiff is now attempting to assert a First Amendment retaliation claim, the Complaint does not allege that Defendant Nose <u>retaliated</u> against Plaintiff for engaging in protected activity. Rather, the Complaint alleges that Defendant Nose interfered with Plaintiff's use of the grievance system. As explained in the Court's Memorandum Opinion and Order, Defendant Nose's alleged interference is not independently actionable.

**ORDER OF COURT**

**AND NOW,** this 4th day of August, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion for Reconsideration is **DENIED**.

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: WEI LY
JL-4217
1600 Walters Mill Road
Somerset, PA 1551

Scott A. Bradley
Office of the Attorney General
Email: sbradley@attorneygeneral.gov

4